**IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| |
|---|
| **Pro Se SIR Master Chief Specialist Kashif Michael Lamar Cameron** |
| Plaintiff |
| **v.** |
| **THE FREE LIBRARY OF PHILADELPHIA** (Central Library) |
| Defendant |
| **Civil Action No.:** [To be assigned by the Court] |
| **JURY TRIAL DEMANDED** |

## I. JURISDICTION AND VENUE

1. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1331 (Federal Question) due to claims involving the violation of federal statutes related to computer fraud and privacy, and pursuant to 28 U.S.C. § 1332 (Diversity of Citizenship) as the matter in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00).
2. Venue is proper in the Eastern District of Pennsylvania because the events, transactions, and resulting injuries occurred within this jurisdiction, specifically at the Central Library in Philadelphia.

## II. PARTIES

3. Plaintiff is an individual residing in the Commonwealth of Pennsylvania, proceeding **Pro Se**.
4. Defendant **THE FREE LIBRARY OF PHILADELPHIA** is an entity operating a public library system within the City of Philadelphia, specifically named here for the conduct of its agents and employees at the **Central Library**.

## III. FACTS CONSTITUTING THE CAUSE OF ACTION

5. Plaintiff is the author and proprietor of the book "A Guide To Successful Consulting," which was launched for sale on the platform **KMLCTryst.com**.
6. The launch and sales operation were being managed from the **Business Center** of the Free Library of Philadelphia, Central Library.
7. Shortly after the commencement of the book sales, the proceeds accumulated and reached approximately **$1.6 Million** on the sales platform (Squarespace), with monies directed to a post-Squarepay account. Plaintiff notes the deceptive practice of "Squarepay" continuing to earn income under a changed name.
8. Upon reaching the $1.6 Million sales mark, Plaintiff made an announcement in the library's Business Center that the sale "went off without a hitch and staff were needed."
9. Immediately following this announcement, a librarian, or an individual identified as a staff member, began **"cackling"** in a malicious manner, demonstrating a clear awareness and celebration of an impending conspiracy.
10. Plaintiff alleges that staff members of the Central Library, specifically identified as **librarian clerks, historians, and cybersecurity personnel**, were actively and unlawfully **"snooping"** on the computers of Philadelphia residents, including the Plaintiff, in the library's public access areas.
11. This "snooping" was utilized by the Defendant's agents as a means to gain unauthorized access to proprietary financial data related to the book sale, with the explicit purpose of orchestrating a conspiracy to steal the $1.6 Million in gratuities and sales proceeds.
12. The Defendant, through its staff, committed an unlawful act of cyber intrusion and conspired to convert the Plaintiff's property, causing significant financial loss and psychological distress.

## IV. CAUSES OF ACTION

**COUNT I: INVASION OF PRIVACY / COMPUTER INTRUSION**

13. Plaintiff incorporates by reference the allegations in all preceding paragraphs as if fully set forth herein.
14. The actions of the Defendant's staff, specifically the "snooping" on the computers of residents in a public facility where privacy is reasonably expected for personal computing, constitutes a severe and unlawful **invasion of privacy**.
15. This unauthorized access to the Plaintiff's computer system and data also constitutes a violation of state and federal laws prohibiting unauthorized computer access and fraud.

**COUNT II: CIVIL CONSPIRACY TO COMMIT CONVERSION (THEFT)**

16. Plaintiff incorporates by reference the allegations in all preceding paragraphs as if fully set forth herein.
17. The Defendant's staff, including librarian clerks, historians, and cybersecurity personnel, engaged in a **civil conspiracy** with the shared unlawful objective of stealing the $1.6 Million in book sale gratuities from the Plaintiff.
18. The "cackling" of the staff member following the announcement serves as direct evidence of the conspiratorial intent and the subsequent, ongoing attempt to convert the Plaintiff's funds.

**COUNT III: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (IIED)**

19. Plaintiff incorporates by reference the allegations in all preceding paragraphs as if fully set forth herein.
20. The malicious and public actions of the Defendant's employee (the "cackling"), coupled with the systemic cyber intrusion and financial conspiracy, constitute **extreme and outrageous conduct** intended to cause, or recklessly disregarded the probability of causing, severe emotional distress to the Plaintiff.

## V. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, SIR Master Chief Specialist Kashif Michael Lamar Cameron, demands judgment against Defendant THE FREE LIBRARY OF PHILADELPHIA and respectfully requests the following relief:

1. Compensatory damages for all financial loss, including the $1.6 Million in gratuities and sales proceeds, plus interest.
2. Punitive damages sufficient to deter such willful, invasive, and conspiratorial conduct in the future.
3. An injunction requiring the Defendant to immediately cease all "snooping" activities and to disclose all digital logs and personnel involved in the unauthorized computer access.
4. Costs of suit and any other relief the Court deems just and proper.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: September 25, 2025

Respectfully submitted,

Pro Se SIR Master Chief Specialist Kashif Michael Lamar Cameron